UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| EDWING MARTINEZ,<br><br>  Plaintiff,<br><br>v.<br><br>JEH JOHNSON, Secretary of the<br>Department of Homeland Security;<br>ALEJANDRO MAYORKAS, Director<br>USCIS; JAMES B. COMEY, FBI Director;<br>RAYMOND ADAMS, El Paso Field Office<br>Director; and DOES 1-10,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§  EP-14-CV-00216-DCG<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Presently before the Court is Defendants Jeh Johnson, Secretary of the Department of Homeland Security; Alejandro Mayorkas, Director USCIS; James B. Comey, FBI Director; Raymond Adams, El Paso Field Office Director; and Does 1–10's (collectively "Defendants") "Motion to Dismiss Plaintiff's Complaint" ("Motion") (ECF No. 25), filed on March 6, 2015. Plaintiff Edwing Martinez ("Plaintiff") filed a Response (ECF No. 27) on May 1, 2015. After due consideration of the Motion, the Response, the record, and the applicable law, the Court enters the following Order.

### I. BACKGROUND

Plaintiff filed his Complaint on June 10, 2014, pursuant to 8 U.S.C. § 1447(b), "to compel the Defendants to adjudicate the application by Plaintiff for naturalization." Compl. 1, ECF No. 1. Plaintiff, who is a Lawful Permanent Resident, filed an application for naturalization with the United States Citizenship and Immigration Services ("USCIS" or "the agency") on November 13, 2012. Compl. 2–3; Answer 3, ECF No. 18. USCIS conducted Plaintiff's

naturalization interview on November 5, 2013. *See* Compl. 3; Mot. 1. Because USCIS had not made a determination regarding his application, Plaintiff initiated this action on June 10, 2014. Compl. 3. On June 19, 2014, the agency denied Plaintiff's application. *See* Mot. 1, Ex. A.; Resp. 6. Defendants filed an Answer on November 10, 2014, and the instant Motion on March 6, 2015. The Motion challenges the Court's subject matter jurisdiction and seeks dismissal of the Complaint for failure to state claim upon which relief can be granted. *See* Mot. 1.

## II. DISCUSSION

### A. *Legal Standards*

#### 1. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek dismissal of an action for lack of subject matter jurisdiction over a plaintiff's claims. *See* Fed. R. Civ. P. 12(b)(1); *see also* Fed. R. Civ. P. 12(h)(3). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*per curiam*) (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

#### 2. Failure to State a Claim upon which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of an action for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When faced with a Rule 12(b)(6) motion, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (citation omitted). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555 (citations omitted). Courts must consider the complaint in its entirety, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### 3. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and a fact is material if it might affect the outcome of the suit." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (citation and internal quotation marks omitted). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets this initial burden, "the onus shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

### B. *Mootness*

Defendants argue that this Court lacks subject matter jurisdiction because the case is moot. *See* Mot. 5. "Generally, the mootness inquiry centers upon the concern that only live cases or controversies be decided by our courts." *In re Matter of Manges*, 29 F.3d 1034, 1038 (5th Cir. 1994) (citations omitted). "Mootness can occur in two ways: (1) when the issues presented are no longer live, and (2) when the parties lack a legally cognizable interest in the outcome." *Eddins v. Excelsior Indep. Sch. Dist.*, 88 F. Supp. 2d 695, 701 (E.D. Tex. 2000) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Here, Defendants claim that the first circumstance applies, because "USCIS has acted on Plaintiff's naturalization application." *See* Mot. 5. The agency, however, acted on Plaintiff's naturalization application on June 19, 2014, after Plaintiff initiated this action. As discussed below, by that date, the agency no longer had jurisdiction over Plaintiff's naturalization application, which makes USCIS' determination void as *ultra vires*. *See Agarwal v. Napolitano*, 663 F. Supp. 2d 528, 532–34 (W.D. Tex. 2009) (voiding as *ultra vires* USCIS' adjudication of naturalization applications issued during the pendency of a § 1447(b) action).

Section 1447(b) provides that

> [i]f there is a failure to make a determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is

> conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Section 1447(b) plainly grants the Court jurisdiction over a naturalization application that has languished within the agency for more than 120 days either "to determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." *Id.*

Whether USCIS retains concurrent jurisdiction over an applicant's naturalization application during the pendency of § 1447(b) action is another matter. Although the Fifth Circuit Court of Appeals has not decided the issue, three other courts of appeals have found that the agency retains no such jurisdiction. *See Bustamante v. Napolitano*, 582 F.3d 403, 404 (2d Cir. 2009) ("We conclude that only the district court has jurisdiction to determine a naturalization application when, after USCIS has failed to adjudicate the application within 120 days of the initial examination, the applicant files a Section 1447(b) action."); *Etape v. Chertoff*, 497 F.3d 379, 381 (4th Cir. 2007) (holding that "§ 1447(b) vests exclusive jurisdiction in the district court, depriving [USCIS] of jurisdiction to adjudicate an application unless instructed to do so by the district court"); *United States v. Hovsepian*, 359 F.3d 1144, 1159 (9th Cir. 2004) (*en banc*) ("Based on the text of § 1447(b), the context of related statutory provisions, and Congress' policy objectives, we hold that the district court ha[s] exclusive jurisdiction over [the] naturalization applications."). Similarly, at least three district courts within this Circuit and numerous courts around the country agree with this conclusion. *See Agarwal*, 663 F. Supp. 2d at 532–34 (collecting cases); *Castro v. Napolitano*, No. 3:09–cv–39 (W.D. Tex. Sept. 16, 2009); *Dimopoulos v. Blakeway*, No. 2:07–cv–127, 2007 WL 922224 (S.D. Tex. Mar. 23, 2007).

The Court finds these authorities persuasive and holds that § 1447(b) vests exclusive jurisdiction in district courts, depriving USCIS of jurisdiction to adjudicate an application for naturalization once an applicant files a § 1447(b) action. Because the agency did not have jurisdiction over Plaintiff's application on June 19, 2014, its denial of that application is void and Plaintiff's § 1447(b) action is not moot.

### C. *Removal Proceedings*

Defendants raise another jurisdictional challenge in seeking dismissal of Plaintiff's action. According to Defendants, 8 U.S.C. § 1429 deprives the Court of jurisdiction over this case because Plaintiff is in removal proceedings. *See* Mot. 6–10. Resolution of this challenge requires consideration of matters outside of the pleadings. In ruling on a motion to dismiss, however, courts must limit their inquiry to the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *See Tellabs, Inc.*, 551 U.S. at 322. The Court therefore converts Defendants' Motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).[1]

### 1. 8 U.S.C. § 1429

Section 1429 provides, in relevant part, that "no application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding . . . ." 8 U.S.C. § 1429. This restriction applies equally to USCIS and district courts. *See Saba–Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007); *Agarwal*, 663 F. Supp. 2d at 535. It is undisputed that USCIS has commenced removal proceedings against Plaintiff. *See* Mot. 6; Resp. 2, Ex. 1;

---

[1] The Court finds that the parties had constructive notice that Defendants' Motion, though titled "Motion to Dismiss," would be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56. Both parties presented the Court with evidence outside of the pleadings for consideration in connection with Defendants' Motion, and neither party objected to consideration of the extrinsic evidence. *See, e.g., Bartlett v. Dep't of the Treasury (I.R.S.)*, 749 F.3d 1, 12 (1st Cir. 2014); *Cincinnati Ins. Co. v. Leighton*, 403 F.3d 879, 885 (7th Cir. 2005); *Mackey v. Owens*, No. 98–60758, 1999 WL 423077, at *2 (5th Cir. June 2, 1999) (*per curiam*).

Status Report 1–2, ECF No. 24. The parties disagree, however, about whether, as a matter of law, USCIS' removal proceedings deprive the Court of subject matter jurisdiction over this § 1447(b) action. *Compare* Mot. 6, *with* Resp. 4. Defendants argue that *Saba–Bakare* answers this question in the affirmative. *See* Mot. 6–10. The Court disagrees for the reasons set forth below.

*a. Circuit Precedent*

The *Saba–Bakare* court stated the following about the relationship between § 1447(b), pursuant to which Plaintiff invokes the Court's jurisdiction, and § 1429, which Defendants argue deprives the Court of jurisdiction notwithstanding § 1447(b):

> [The applicant] contends that jurisdiction exists under 8 U.S.C. § 1447(b), which provides district courts the authority to review a naturalization application that has not been decided more than 120 days after an in–person examination. Even if jurisdiction exists under § 1447(b), however, invoking jurisdiction under this section would be futile. Section 1447(b) provides a district court with a means of addressing the administrative delay of an application that the Attorney General *may* consider. But § 1429 does not allow the Attorney General to consider naturalization applications when a removal proceeding is pending. Under § 1447(b), then, the district court could have either determined the matter or remanded the matter for the USCIS to determine the matter. But in either instance the appropriate determination is controlled by § 1429, and § 1429 requires that [the applicant] wait until the termination of the removal proceeding before either a district court or the USCIS entertains a question regarding his naturalization application. In sum, the administrative delay here is required by § 1429.

507 F.3d at 340.

The court's observation about the futility of maintaining a § 1447(b) action while removal proceedings are pending does not amount, however, to a holding that district courts lack subject matter jurisdiction over these actions. To the contrary, it seems clear that the Fifth Circuit did not so hold. First, when commenting on whether jurisdiction exists, the court could have succinctly stated "jurisdiction does not exist under § 1447(b)." In the Court's view, the

panel would have said as much if it had so held. Instead, the court chose not to address the question by *assuming*, without deciding, that jurisdiction exists: "*[e]ven if* jurisdiction exists under § 1447(b) . . . ." *See id.* (emphasis added). Second, after recognizing § 1429's primacy over § 1447(b), the court explained the outcome dictated by the former section in the face of a § 1447(b) action. Rather than characterize the applicant's § 1447(b) action as eviscerated by § 1429's deprivation of subject matter jurisdiction, the court described § 1429's actual effect explicitly: "§ 1429 requires that [the applicant] wait until the termination of the removal proceeding before either a district court or the USCIS entertains a question regarding his naturalization application." *See id.* That § 1429 requires patience from an applicant for naturalization who is in removal proceedings does not mean district courts are completely divested of jurisdiction provided by § 1447(b).

*Saba–Bakare* is instructive because of what it did, not because of what it held with respect to § 1447(b). The *Saba–Bakare* court affirmed "the district court's decision denying [the applicant]'s *requested relief* for lack of subject matter jurisdiction" pursuant to § 1421. *See id.* at 341–42 (emphasis added). The relief the district court could not provide for lack of subject matter jurisdiction was "declaratory judgment of *prima facie* eligibility for naturalization and . . . review [of USCIS'] determination that [the applicant was] not *prima facie* eligible for naturalization." *Id.* at 339–40. It was this holding that the applicant in *Saba–Bakare* appealed, *id.* at 340, and it was this holding that the court of appeals affirmed, *see id.* at 341–42. Indeed, the four Fifth Circuit cases that have subsequently cited *Saba–Bakare* do so for this holding. *See McMaster v. Holder*, 587 F. App'x 826, 829 (5th Cir. 2014) (*per curiam*); *Robertson–Dewar v. Holder*, 646 F.3d 226, 231 (5th Cir. 2011); *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010); *Molina–Ramirez v. Holder*, 362 F. App'x 387, 390 (5th Cir. 2010) (*per curiam*). It is

settled law in this Circuit, then, that USCIS has exclusive authority to naturalize aliens pursuant to § 1421, and district courts lack jurisdiction to issue a declaratory judgment regarding an applicant's *prima facie* eligibility for naturalization. But *Saba–Bakare*'s holding is grounded on § 1421 and a court's ability to issue declaratory judgments about eligibility for naturalization; the holding does not address § 1429's limitations or jurisdiction under § 1447(b).

Some district courts within the Fifth Circuit, however, have read *Saba–Bakare* differently that the four Circuit opinions cited above. These courts conflate *Saba–Barake*'s jurisdictional holding under § 1421 with the court's *dicta* regarding Sections 1429 and 1447(b). Consequently, some district courts have construed the case as holding that § 1429 deprives courts of subject matter jurisdiction no matter the relief sought, while other district courts have reached the opposite conclusion. *See* Mot. 9 (collecting cases).

A review of the published district court opinions within the Fifth Circuit shows that the weight of the authorities favors the Court's reading of *Saba–Bakare*. In *Agarwal*, the court found that "[w]hile there is some uncertainty over whether [§ 1429] amounts to a jurisdictional matter, the general view . . . is that the institution of removal proceedings does not rise to the level of creating a jurisdictional defect in a pending district court immigration case." *Agarwal*, 663 F. Supp. 2d at 535 (construing *Saba–Bakare* as "holding that invoking § 1447(b) jurisdiction by filing suit *even after* removal proceedings have commenced would be 'futile,' but that jurisdiction is not necessarily non–existent"). In *Robertson–Dewar v. Mukasey*, 599 F. Supp. 2d 772 (W.D. Tex. 2009), the court found that § 1429 prevents a court "from ordering that [an applicant]'s [a]pplication be considered or from considering the [a]pplication itself." *See Robertson–Dewar*, 599 F. Supp. 2d at 782. That is because "a party must 'wait until the termination of the removal proceedings before *either a district court or [USCIS] entertains a*

question regarding his naturalization application.'" *Id.* (quoting *Saba–Bakare*, 507 F.3d at 337). But the *Robertson–Dewar* court retained jurisdiction to consider whether USCIS had properly adjudicated the applicant's naturalization application and noted that "the effect of § 1429 is to limit the scope of the court's review and circumscribe the availability of effective remedies, but not to oust the district court of jurisdiction." *Id.* (quoting *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004)). The Court's holding in this case—that § 1429 limits the availability of remedies but does not deprive district courts of jurisdiction over a § 1447(b) action—is consistent with both *Agarwal* and *Robertson–Dewar*.[2]

Moreover, *Mosleh v. Strapp*, 992 F. Supp. 874 (N.D. Tex. 1998), which Defendants cite for the proposition that § 1429 divests the Court of subject matter jurisdiction, does not support Defendants' case. Rather, *Mosleh* found that § 1429 prohibits a district court from issuing "a declaration that [an applicant] is entitled to be a naturalized citizen of the United States." *See Mosleh*, 992 F. Supp. at 876. That a district court cannot issue a declaration of eligibility for naturalization is consistent with the Court's holding and, as discussed above, mandated by Circuit precedent analyzing § 1421's jurisdictional limitations. While *Mosleh* does cite a Third Circuit case holding that § 1429 divests "the court[s] of naturalization jurisdiction that could otherwise be exercised," *id.* (citing *In re Petition of Terzich*, 256 F.2d 197, 198 (3rd Cir. 1958)), that holding was later abrogated by the Third Circuit, *see Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 258 (3d Cir. 2012).

---

[2] To the extent there are any material inconsistencies between *Agarwal* and *Robertson–Dewar*, the Court notes that both opinions were authored by the same judge and that *Agarwal*, decided after *Robertson–Dewar*, more squarely addresses the issue before the Court and is therefore a more persuasive authority.

In sum, the foregoing analysis shows that the Fifth Court has not held that § 1429 strips district courts of subject matter jurisdiction over a § 1447(b) action. In the absence of binding precedent from the Fifth Circuit, the Court turns to other courts of appeals for guidance.

b. *Other Circuit Courts of Appeals*

The majority of appellate courts to consider whether § 1429 wholly deprives district courts of jurisdiction have concluded that the section has no such effect. Instead, these courts have found that § 1429 limits the availability of remedies under the judicial review provisions of Sections 1421(c) and 1447(b). *See Klene v. Napolitano*, 697 F.3d 666, 669 (7th Cir. 2012) (holding that "district judges retain jurisdiction" over naturalization applications, but that § 1429 limits the availability of certain remedies); *Gonzalez*, 678 F.3d at 258 (same); *Ajlani v. Chertoff*, 545 F.3d 229, 238 (2d Cir. 2008) (same); *Zayed*, 368 F.3d at 906 (same); *De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1043–44 (9th Cir. 2004) (same), *as amended* (Sept. 1, 2004).[3]

The Court finds these authorities persuasive and holds that § 1429 circumscribes the availability of effective remedies, but does not deprive district courts of jurisdiction over actions brought under § 1447(b). *See, e.g., Ajlani*, 545 F.3d at 238; *Zayed*, 368 F.3d at 906–07. Defendants' Motion to dismiss Plaintiff's complaint with prejudice for lack of subject matter jurisdiction, converted by the Court into a motion for summary judgment, is therefore denied.

---

[3] One of these courts, *Klene*, construed *Saba–Bakare* as holding that "district courts lose subject-matter jurisdiction once the removal proceeding begins." *See* 697 F.3d at 667. That conclusion, however, concerned only a district court's jurisdiction to judicially naturalize an applicant once removal proceedings have begun. *See id.* at 668. *Saba–Bakare*'s holding is not so broad that it encompasses jurisdiction *in toto*. *See, e.g., Awe v. Napolitano*, 494 F. App'x 860, 863 (10th Cir. 2012) (noting that the Fifth Circuit has "not decided the jurisdictional issue but instead assumed that § 1429 does not divest the district court of jurisdiction over a petition filed under 8 U.S.C. § 1447(b)" (citing *Saba–Bakare*, 507 F.3d at 340)); *Ajlani*, 545 F.3d at 238 (reading *Saba–Bakare* as identifying in § 1429 a limiting effect on judicial naturalization proceedings, but not complete divestment of subject matter jurisdiction); *Gonzalez*, 678 F.3d at 259 & n.7 (same).

2. **Available Remedies under 8 U.S.C. § 1447(b)**

What remedies, then, are available to Plaintiff under § 1447(b) given the limitations imposed by § 1429? *Saba–Bakare* is helpful in answering this question. In that case, the district court held that it was precluded by § 1421 and relevant case law from issuing a declaratory judgment regarding an applicant's *prima facie* eligibility for naturalization. *Saba–Bakare*, 507 F.3d at 341–42. Plaintiff here does not seek a declaratory judgment from the Court regarding his eligibility for naturalization. That would contravene § 1421 as discussed in *Saba–Bakare*. Instead, Plaintiff asks the Court to retain jurisdiction over his § 1447(b) action but "stay the case until the outcome of Plaintiff's removal proceedings [is] determined." Resp. 9. The Court finds such relief appropriate and not precluded by § 1429's prohibition against adjudicating an applicant's naturalization application while removal proceedings are pending. The Court concludes by noting that its decision to stay Plaintiff's action does not run counter to Congress' intent in giving priority to removal proceedings over naturalization proceedings, because the Court will only consider the merits of Plaintiff's application—if at all—once the removal proceedings have concluded. *See Shomberg v. United States*, 348 U.S. 540, 543–44 (1955) (recognizing the predecessor to § 1429 as a "priority provision" enacted to end the "race between the [applicant] to gain citizenship and the Attorney General to deport him").

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that USCIS' June 19, 2014, denial of Plaintiff Edwing Martinez's application for naturalization is **VACATED**.

**IT IS FURTHER ORDERED** that the "Motion to Dismiss Plaintiff's Complaint" (ECF No. 25), converted to a motion for summary judgment and filed by Defendants Jeh Johnson, Secretary of the Department of Homeland Security; Alejandro Mayorkas, Director USCIS;

James B. Comey, FBI Director; Raymond Adams, El Paso Field Office Director; and Does 1–10 is **DENIED**.

**IT IS ALSO ORDERED** that the above–captioned case is **STAYED** until further order of the Court.

**IT IS ALSO ORDERED** that the parties inform the Court about the outcome of Plaintiff Edwing Martinez's removal proceedings once those proceedings have concluded.

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL ADMINISTRATIVELY CLOSE** the above–captioned case until such time as the Court lifts the instant stay and reopens the case.

So ORDERED and SIGNED this 15th day of May, 2015.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**